**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 6 2015

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30107 |
| | ) | |
| Joann Golembiewski, | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |

### MEMORANDUM OF DECISION AND ORDER REGARDING DEBTOR'S MOTION TO CHANGE VENUE

This matter comes before the court on the Debtor's Motion for Change of Venue. [Doc. #6]. The court set the Motion for hearing, and a hearing was held on February 17, 2015. Debtor appeared through counsel.

The "Motion for Change of Venue" sought leave to file within the Northern District of Ohio, Western Division (Toledo), asserting that it was a proper venue. The Motion states that:

"1) The debtor resides in Lambertville, Michigan significantly closer to Toledo than Detroit; 2) The debtor has a principal place of business in Ohio as she is employed at the Toledo Northwest Ohio Food Bank; 3) The debtor's income is below the poverty level and the expense of litigating the case in Michigan will place undue hardship on the debtor." [Doc. #6].

While the title of the Motion indicates that a "Change of Venue" is being requested, that is not what

is reflected in the body of the pleading. Rather, what the Debtor is asking for is an order finding that venue is proper, based upon the claim that the Debtor's "principal place of business" is in the Western Division of the Northern District of Ohio because that is where she is employed.

Venue in a Title 11 case is governed by 28 U.S.C. §1408. *Thompson v. Greenwood*, 507 F.3d 416, 419 (6th Cir. 2007). For purposes of this case, the requirements of §1408(1) can be summarized as stating that a case under Title 11 may be commenced in the district in which the domicile, residence, principal place of business, or principal assets of the person have been located for the greater part of the one hundred and eighty days prior to filing. The four tests for venue in §1408(1) are stated in the disjunctive, making venue proper in any of the listed locations. Thus, establishing any one of the four listed grounds would be sufficient for venue in this court. *In re Dunsmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008); *In re Segno Commc'ns, Inc.*, 264 B.R. 501, 505 (Bankr. N.D. Ill. 2001); *Broady v. Harvey (In re Broady)*, 247 B.R. 470, 472 (8th Cir. BAP 2000).

The strong majority of courts that have addressed this issue have held that a salaried individual's workplace is not a "principal place of business" for purposes of 28 U.S.C. §1408(1). *See, Blagg v. Miller (In re Blagg)*, 223 B.R. 795, 803 (10th Cir. BAP 1998); *In re Ross*, 312 B.R. 879, 888 (Bankr. W.D. Tenn. 2004); *In re McDonald*, 219 B.R. 804, 805 (Bankr. W.D. Tenn. 1998); *In re Berryhill*, 182 B.R. 29, 30–31 (Bankr. W.D. Ark. 1995); *In re Petrie*, 142 B.R. 404, 405 (Bankr. D. Nev. 1992)(citing cases); 1 Collier on Bankruptcy, ¶4.02[2][c] at 4-8 (16th ed. 2014).

Courts have also rejected the argument that future earnings or employment can qualify as a debtor's "principal assets" for venue purposes. *See*, *Barnes v. Whelan*, 689 F.2d 193, 205 (D.C. Cir. 1982); *In re Berryhill*, 182 B.R. 29, 30–31 (Bankr. W.D. Ark. 1995); *In re Vann*, 3 B.R. 192, 194 (Bankr. W.D. Pa. 1980).

Therefore, the basis the Debtor has asserted for the Western Division of the Northern District of Ohio being a proper venue in Debtor's Motion must be rejected, and the Motion denied.

The issue then becomes, what should the court do after rejecting the Debtor's Motion?

In *Thompson v. Greenwood*, 507 F.3d 416, 420 (6th Cir. 2007), the Sixth Circuit Court of Appeals stated that under 28 U.S.C. §1406, "if a case is brought in an improper venue *and an interested party timely objects*, a district court has only two options: (1) dismiss the case, or (2) transfer the case to a jurisdiction of proper venue, if it be in the interest of justice." *See also*, Federal Rule of Bankruptcy Procedure

1014(a)(2) ("If a petition is filed in an improper district, *on timely motion of a party in interest* and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.")(emphasis added).

The difference between *Thompson v. Greenwood* and the present case is that no interested party has filed an objection to venue in this case. Under Rule 1014(a)(2), the court is specifically given the power to raise the issue on its own motion. Similarly, Section 1406(a) gives the court the power to dismiss or transfer a case filed in the wrong venue. But, the controlling authority of *Thompson v. Greenwood* does not appear to make the dismissal or transfer of an improperly venued case mandatory, absent a "timely objection" by an "interested party."

In a non-bankruptcy federal court litigation, under Federal Rule of Civil Procedure 12(h)(1), a defense of improper venue[1] can be waived if it is not pled as an affirmative defense early in the case. *See e.g.*, *American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.*, 364 F.3d 884, 887-888 (7th Cir. 2004).

In interpreting the requirements of 28 U.S.C. Section 1406(a), it is important to remember that it is not a statute limited to bankruptcy cases. Rather, §1406(a) is a general statute, "its broad language plainly encompasses all improperly venued cases of whatever variety." *Thompson v. Greenwood*, 507 F.3d 416, 419 (6th Cir. 2007). Thus, to the extent that §1406(a) does not require federal courts to dismiss or transfer cases where the issue of improper venue is not raised by a defendant under Federal Rule of Civil Procedure 12(h)(1), it cannot be viewed as mandating that bankruptcy courts act, *sua sponte*, to dismiss or transfer improperly venued bankruptcy cases. Moreover, Section 1406(b) specifically states that: "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."

Thus, where no party in interest files a timely motion or objection to improper venue, the right to object to venue can be deemed waived. *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167, 170 (1939); *In re Pannell*, 243 B.R. 23, 28 (Bankr. S.D. Ohio 1999); 1 Collier on Bankruptcy, ¶4.02[2][a] at 4-5 (16th ed. 2014)("As is true with respect to venue generally, venue of a case can be waived by express agreement or by conduct."); 1 Collier on Bankruptcy, ¶4.06[3] at 4-40

---

[1]/ Federal Rule of Civil Procedure 12(b)(3).

(16th ed. 2014). Similarly, the Debtor has waived any objection to venue in this court by conduct - the filing of the case in the forum of her choice. *See*, *In re Moss*, 267 B.R. 834, 839 (8th Cir. BAP 2001).

Here, no objection to venue has been filed. In fact, no responses were filed to Debtor's Motion.[2]

Thus, until there is a timely objection to venue filed by a party in interest, it appears that the court has discretion to: 1) dismiss the case; 2) transfer the case to a proper venue; or 3) do nothing.

In this case, it appears proper for this court to take no additional action *sua sponte*. *See e.g.*, *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2nd Cir.1999)("A district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances.").

One of the factors for not acting to disallow venue in this court is the Debtor's qualification for *in forma pauperis* status. While that is not a ground for finding venue in the face of a timely objection, federal courts have held that *in forma pauperis* status may be a basis for not acting *sua sponte* to dismiss cases based upon improper venue. *See*, *Day v. City of Galveston*, 480 Fed.Appx. 119, 121 (3rd Cir. May 11, 2012), *citing Sinwell v. Shapp*, 536 F.2d 15, 19 (3rd Cir.1976).

The court recognizes that this is not the result the Debtor's Motion sought. The Debtor wanted repose in this court, and this decision does not provide that. The court is not determining whether any potential future objection to venue would be timely. If a debtor wants certainty that their bankruptcy case will be permitted to safely continue in the filing venue, they can obtain that certainty only by filing in a proper venue under 28 U.S.C. Section 1408.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Debtor's Motion, captioned as "Motion for Change of Venue" is **DENIED**.

---

[2]/ One aspect of the Debtor's certificate of service should be noted: neither the Certificate of Service itself, nor the referenced "Exhibit A", specifically listed the Office of the United States Trustee. While the Office of the U.S. Trustee typically receives copies of all pleadings electronically, as a matter of course, Debtor failed to list the party who most frequently objects to improper venue. While bankruptcy courts have discussed the existence of something akin to "prosecutorial discretion" on venue issues, the court does not know, and will not speculate, why the Office of the U.S. Trustee did not respond to Debtor's Motion. *See*, *In re Houghton Mifflin Harcourt Pub. Co.*, 474 B.R. 122, 124 (Bankr. S.D.N.Y. 2012).